UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
THE BOARD OF TRUSTEES OF THE UNITED :
FURNITURE WORKERS PENSION FUND A, :
: Civil Action No.
Plaintiff, :
:
-against- :
:
VITOBOB FURNITURE, INC., :
:
Defendant. :
:
-----------------------------------------------------------------x

## COMPLAINT

1. This is an action by the Board of Trustees of the United Furniture Workers Pension Fund A ("Plan") as a fiduciary of the Plan, on behalf of the Plan, to collect unpaid withdrawal liability owed to the Plan by defendant Vitobob Furniture, Inc. ("Employer"). Plaintiff seeks payment of unpaid withdrawal liability, interest on that unpaid amount, liquidated damages as provided by law, and the attorneys' fees and costs of this action from defendant, and such other and further legal and equitable relief as this Court deems appropriate.

### Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action pursuant to Sections 502(e)(l), 502(f) and 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1132(e)(1), 1132(f) and 1451(c), in that this is an action by a fiduciary of the Plan to compel an employer to pay withdrawal liability pursuant to ERISA §§ 515 and 4301(b), 29 U.S.C. §§ 1145 and 1451(b).

3. Venue is based on the district in which the defendant resides and has done business, the Eastern District of New York, pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## Parties

4. The Board of Trustees of the Plan ("Pension Plan Board") is a fiduciary of the Plan.

5. The Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), in that it was established by an employee organization, and it is maintained for the purpose of providing its participants and beneficiaries with retirement income.

6. The Plan is a "multi-employer plan" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), and ERISA § 4001(a)(3), 29 U.S.C. § 1301(a)(3), in that more than one employer is required to contribute to the Plan, and the Plan is maintained pursuant to collective bargaining agreements between one or more employee organizations and more than one employer.

7. The Pension Plan Board is the sponsor of the Plan within the meaning of ERISA § 4001(a)(10), 29 U.S.C. § 1301(a)(10).

8. The Plan is administered in Nashville, Tennessee.

9. Defendant Vitobob Furniture, Inc. ("Vitobob Furniture") is a New York corporation that operated a furniture manufacturing facility at 38-79 13th Street, Long Island City, New York and is or was an "employer" under ERISA § 3(5), 29 U.S.C. § 1002(5).

### Vitobob Furniture's Obligation to Make Contributions to the Plan

10. Amalgamated Industrial Union Local 76B, a division of the IUE-CWA, AFL-CIO, (the "Union") and Vitobob Furniture entered into a collective bargaining agreement for the period September 1, 2007 through August 31, 2010, and continuing from year to year thereafter unless terminated by written notice at least 60 days prior to expiration (the "CBA"). The CBA covered all employees of Vitobob Furniture engaged in the manufacture and assembly of furniture (and related work), excluding clerical, sales, executive and supervisory employees, and required Vitobob Furniture to make contributions to the Plan for work performed by covered employees.

11. The Plan was established and is governed by an Agreement and Declaration of Trust adopted as of October 10, 1962, and as amended from time to time since then (the "Trust Agreement").

12. The Trust Agreement provides that delinquent contributing employers shall be liable to the Plan for interest on the amount of delinquent contributions due and owing at a rate equal to the prime rate of interest plus two (2) percentage points and for liquidated damages in an amount equal to twenty percent (20%) of the unpaid contributions, as well as the Plan's attorneys' fees and costs.

### CLAIM FOR RELIEF:
### COLLECTION OF UNPAID WITHDRAWAL LIABILITY

13. The Plan repeats and realleges each of the allegations contained in paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. By letter dated November 2, 2018, the Plan notified Vitobob Furniture that the Plan had determined that Vitobob Furniture had permanently ceased to have an obligation to contribute to the Plan in the Plan fiscal year beginning March 1, 2018.

15. The Plan determined that Vitobob Furniture's withdrawal liability to the Plan is $238,080 payable in 80 quarterly payments of $2,976, with the first payment due and payable to the Plan on or before January 1, 2019.

16. By letter dated February 27, 2019, Vitobob Furniture was notified that it had failed to make the first installment of its withdrawal liability payment obligation and was further notified that if this delinquency was not cured within 60 days (by April 28, 2019), the full withdrawal liability shall be accelerated.

17. Vitobob Furniture has not made any of its required installment payments or sought to timely arbitrate the withdrawal liability assessment as required under ERISA Section 4221, 29 U.S.C. §1401.

18. Having failed to arbitrate any issue after receiving the assessment from the Plan, Vitobob Furniture waived its right to challenge the assessed withdrawal liability.

19. Since Vitobob Furniture failed to make any of the required installment payments on the withdrawal liability owed to the Plan, and failed to cure this deficiency upon notice from the Plan, the entire withdrawal liability due and owing by Vitobob Furniture to the Plan has been accelerated pursuant to ERISA Section 4219(c)(5), 29 U.S.C. §1399(c)(5).

20. The Plan is entitled to payment from Vitobob Furniture of the entire unpaid balance of the assessed withdrawal liability in the amount of $238,080, as well as interest at a rate equal to the prime interest rate plus two (2) percentage points from December 1, 2012 through the date judgment is entered; liquidated damages equal to $47,616 (20% of the unpaid balance of the assessed withdrawal liability); and the Plan's reasonable attorneys fees' and costs incurred in this action.

12669987.2\1055448.000047

WHEREFORE, Plaintiff demands that judgment be entered:

1. Awarding to the Plan pursuant to ERISA §§ 502(g) and 4301(b), 29 U.S.C. §§ 1132(g) and 1451(b), against Vitobob Furniture:

   a. Unpaid withdrawal liability in the amount of $238,080.00; and

   b. interest on the withdrawal liability at a rate equal to the prevailing prime rate of interest plus two (2) percentage points from January 1, 2019, through the date judgment is entered; and

   c. liquidated damages equal to $47,626 (which is 20% of $238,080): and

   d. the reasonable attorneys' fees and costs of this action incurred by the Plan.

2. Granting to the Plan such other and further relief as the Court deems appropriate.

New York, New York
May 8, 2019

>                                Respectfully submitted,
>
>                                BRYAN CAVE LEIGHTON PAISNER LLP
>
>                                By: _____
>                                    Jay P. Warren (JW 3600)
>                                    Laurie Belony (LB0274)
>                                1290 Avenue of the Americas
>                                New York, New York 10104
>                                212-541-2000 (phone)
>                                jpwarren@bryancave.com
>                                *Attorneys for Plaintiff*